ALD-141                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4795
_____

IN RE:  MARK GREEN,
                                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 08-cr-00044)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 6, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 19, 2014)
_____

OPINION
_____

PER CURIAM

        Mark Green petitions for a writ of mandamus, asking us to direct the United States

District Court for the Eastern District of Pennsylvania to vacate his conviction and

dismiss the indictment because of a speedy trial violation.  In the alternative, he asks that

we construe his petition as a petition for a writ of audita querela.  We will deny the

petition.

        Green was arrested in December 2007 and indicted in January 2008 on five

counts, including access device conspiracy under 18 U.S.C. § 1029(b)(2), two counts of

unauthorized use of an access device under 18 U.S.C. § 1029(a)(2), and two counts of aggravated identity theft under 18 U.S.C. § 1028A(a)(1). On November 4, 2009, after a trial at which Green elected to proceed pro se with standby counsel, a jury convicted Green on four of the five counts.

At Green's request, the District Court appointed new counsel who filed an omnibus post-verdict motion in April 2010, including a claimed violation of the Speedy Trial Act. The District Court denied the motion, "after considering Green's Speedy Trial Act claim in some detail." United States v. Green, 516 F. App'x 113, 121 (3d Cir. 2013). We carefully examined Green's Speedy Trial Act claim and a related Sixth Amendment Speedy Trial Claim on direct appeal and affirmed the District Court's holding that Green's rights to a speedy trial had not been violated. Id. at 121-25.

Green's petition argues that when calculating whether his speedy trial rights were violated, the District Court erred by failing to mention that it had orally set a trial date for February 2, 2009, at a bail hearing in August 2008. Green argues that this omission misled our Court in its calculations, as the speedy trial clock should have restarted on the February date when trial was scheduled. Green contends that failing to correct this error would cause a miscarriage of justice.

The writ of mandamus "is a drastic remedy that is seldom issued and its use is discouraged." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotation and citation omitted). A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141.

2

Mandamus is not a substitute for an appeal.  In re Chambers Dev. Co., Inc., 148 F.3d

214, 226 (3d Cir. 1998).

Mandamus relief is not available here.  Green had "adequate means to attain the

relief he desires" through a direct appeal.  Kerr v. U.S. Dist. Ct., 426 U.S. 394, 403

(1976).  His failure to succeed on appeal does not equate to a lack of available means to

attain relief.[1]  We will deny the petition for a writ of mandamus.

---

[1] Further, Green has not shown a clear and undisputable right to relief, given this Court's previous holdings.  We specifically considered the February 2, 2009 trial date in our opinion denying him relief on direct appeal, noting that nothing in the record showed why the District Court did not file an order scheduling trial for February 2, and noting that "[a]ny negligence in failing to insist that the District Court adhere to the court's oral commitment to set a February 2009 trial date is attributable to both Green's attorney and the government."  Green, 516 F. App'x at 118, 124.  Green also raised an argument regarding the effect of the February 2009 trial date in a petition for rehearing, which we similarly denied.  C.A. No. 11-2454, order entered June 13, 2013.